**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 8:25-cv-3574-PX |
| PALACE ELECTRICAL, CONTRACTORS, INC., | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This is an action seeking payment of delinquent contributions owed to a multiemployer pension plan under the Employee Retirement Income Security Act ("ERISA"). Pending before the Court is Plaintiffs Trustees of the National Electrical Benefit Fund's ("NEBF's") Motion for Default Judgment. ECF No. 12. For the reasons discussed below, I recommend that the Motion be granted.

## BACKGROUND

According to Plaintiffs' Complaint, NEBF is a Maryland-based multiemployer pension benefit plan. ECF No. 1 ¶ 4. Employers, like Defendant Palace Electrical Contractors, Inc., agree to contribute to NEBF pursuant to collective bargaining agreements with the International Brotherhood of Electrical Workers ("IBEW") or one of its affiliated local unions. *Id.* According to the Complaint, Defendant was contractually and legally obligated to submit contributions to NEBF as a signatory to a collective bargaining agreement with IBEW. *Id.* ¶ 5. Defendant became a signatory to the bargaining agreement by signing a Letter of Assent, under which Defendant

agreed to contribute to NEBF three percent of gross labor payroll paid to or accrued by Defendant's union-represented employees. ECF No. 12-4, at 2. According to Plaintiffs, Defendant failed to contribute at least $105,175.81 to NEBF for work performed from April 2023 through May 2025. ECF No. 1 ¶ 9.

On October 30, 2025, Plaintiffs brought an action seeking payment of Defendant's unpaid delinquent contributions, pre-judgment and post-judgment interest, liquidated damages as permitted by the bargaining agreement, and all reasonable attorneys' fees and costs of suit. *Id.* at 4-5. On October 31, 2025, a summons was issued as to Defendant. ECF No. 4. On November 12, 2025, Plaintiffs returned the summons as executed on Defendant. ECF No. 8. Plaintiffs' records indicated that Defendant's registered agent was located in Farmingdale, New York ("the New York address"). *Id.* at 1. According to Plaintiffs' process servicer, the servicer served Defendant's resident agent at this address on November 6, 2025. *Id.* Defendant's answer to Plaintiffs' Complaint was due to be filed on or before November 28, 2025. *Id.* at 2. Defendant has failed to make an appearance, answer the Complaint, or otherwise take any action in this case.

On December 3, 2025, Plaintiffs moved for a Clerk's Entry of Default against Defendant. ECF No. 9. On December 8, 2025, the Clerk entered an Order of Default against Defendant. ECF No. 10. Notice of the Clerk's Order was issued on the same day. ECF No. 11. On May 19, 2026, Plaintiffs moved for Default Judgment against Defendant in the amount of $160,314.53. ECF No. 12 ¶ 8. In support, Plaintiffs attached the affidavit of Darrin Golden, NEBF's Executive Secretary-Treasurer, which details the amount Defendant owes to NEBF. ECF No. 12-4. Plaintiffs also attached the declaration of Peter Tkach, Plaintiffs' counsel, in support of Plaintiffs' request for reasonable attorneys' fees and costs. ECF No. 12-1.

On September 9, 2026, the case was assigned to my Chambers for the limited purpose of a Report and Recommendation on the pending Request for Entry of Default Judgment. ECF No. 13.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters., Inc.*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin.*

*Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2-3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2-3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544-45 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

**ANALYSIS**

**I. Jurisdiction and Venue**

This Court has jurisdiction over Plaintiffs' claim pursuant to section 502(e) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e). 29 U.S.C. § 1132(e)(1) provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, [or] fiduciary . . . ." Plaintiffs' action

arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145. Plaintiffs are fiduciaries of NEBF. ECF No. 1 ¶ 2. Therefore, all jurisdictional requirements of ERISA are met.

Additionally, venue is proper in this judicial district because NEBF is administered in Rockville, Maryland, which is located in this district. *Id.* ¶ 4; *see* 29 U.S.C. § 1132(e)(2) (stating that venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . .").

**II. Service of Process**

A court cannot grant a motion for default judgment if the defendant did not receive proper service. *Miller Glob. Props., LLC v. Green*, No. GJH-17-1102, 2018 WL 3546724, at *1 (D. Md. July 23, 2018). Fed. R. Civ. P. 4(h)(1)(A) authorizes service on the defendant "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Rule (4)(e)(1) authorizes service on individuals in any manner authorized by the State in which the district court sits, or by the State in which the service is to be made. Fed. R. Civ. P. 4(e)(1). Service was effectuated in New York. *See* ECF No. 8, at 1. Accordingly, Plaintiffs have properly served Defendant.

**III. Employee Retirement Income Security Act Claim**

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Employers who fail to make such contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and legal costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g). To establish ERISA liability, Plaintiffs must show that Defendant was obligated to

make contributions to NEBF under the terms of a collective bargaining agreement and that Defendant failed to make such contributions. *See* 29 U.S.C. § 1145.

Plaintiffs have sufficiently established the above elements. Plaintiffs administer a multiemployer plan within the meaning of ERISA. ECF No. 12-4 ¶ 3. Defendant is an employer that has agreed to contribute to NEBF by assenting to a collective bargaining agreement with a labor union. ECF No. 12-5. The collective bargaining agreement to which Defendant assented requires that employers contribute to NEBF "an amount equal to 3% of the gross labor payroll . . . ." ECF No. 12-6, at 2. Plaintiffs have provided NEBF's delinquency report, which indicates that Defendant failed to pay NEBF $157,872.03 that it owed under the collective bargaining agreement. ECF No. 12-7, at 2. Therefore, ERISA's elements are met, and Plaintiffs have established liability.

**IV. Damages**

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-95 (D. Md. 2010). Plaintiffs may recover: (1) delinquent contributions; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages,

it is not required to do so. It may instead rely on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *Trs. of Nat'l Elec. Benefit Fund v. All Nu Elec. Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan 31, 2023) (citing *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).

The supporting documentation establishes the amount due. Plaintiffs' affidavit and delinquency report establishes that Defendant owed NEBF $157,872.03. ECF No. 12-4 ¶ 10; ECF No. 12-7. The collective bargaining agreement to which Defendant assented specifies that NEBF may collect interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in the amount of twenty percent (20%) of the delinquent contributions, and expenses incurred in enforcing the provisions of the agreement. ECF No. 12-6, at 7. The recovery of such costs is permitted by the enforcement provision of ERISA. *See* 29 U.S.C. § 1132(g)(2). As Plaintiffs correctly calculated, a ten percent (10%) per annum interest rate between April 2023 to the filing of their motion for default judgment amounts to $26,011.78 in interest. ECF No. 12-7, at 2. Additionally, liquidated damages of 20% of Defendant's delinquent contributions equal $21,976.71. *Id.* Therefore, Defendant presently owes to NEBF a total of $157,872.03. Further, Plaintiffs have provided documentation demonstrating that they spent an additional $2,442.50 in attorneys' fees and legal costs pursuing this action. ECF No. 12-1 ¶¶ 5-10. Each of these demands shall be awarded.

**CONCLUSION**

For the aforementioned reasons, it is recommended that Plaintiffs' Motion for Default Judgment be granted in the amount of $160,314.53.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: November 19, 2026

________/s/______________
Ajmel A. Quereshi
U.S. Magistrate Judge